UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JACOB C. BRIER, | |
| Plaintiff, | |
| v. | No. 3:25 CV 397 |
| KATHLEEN SHEPARD, *et al.*, | |
| Defendants. | |

## OPINION and ORDER

Jacob C. Brier, a prisoner without a lawyer, filed a complaint and a motion seeking a preliminary injunction. (DE ## 1, 4.) He has filed eight complaints with this court since December 2024, seven of which were filed in the last two months.[1] He has sought preliminary injunctions in four of his eight cases.[2]

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or

---

[1] 3:24-CV-1006-GSL-JEM; 3:25-CV-320-HAB-SLC; 3:25-CV-397-JTM-APR; 3:25-CV-398-HAB-SLC; 3:25-CV-402-GSL-AZ; 3:25-CV-423-HAB-SLC; 3:25-CV-424-PPS-JEM; 3:25-CV-458-CCB-SJF.

[2] 3:24-CV-1006-GSL-JEM; 3:25-CV-320-HAB-SLC; 3:25-CV-397-JTM-APR; 3:25-CV-423-HAB-SLC.

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Brier alleges that, on October 28, 2024, after a session with his therapist, Case Manager Kathleen Shepard entered the room and screamed at him. She called him a rapist, child molester, snitch, and punk bitch. She also allegedly threatened to have him "dealt with" by inmates. (DE # 1 at 2.) That night, when mail was passed out, Brier learned that his neighbor received a note from Case Manger Shepard telling him that Brier was a snitch and a sex offender. He later learned that every inmate in A-pod received a similar note. During her weekly walks, Case Manager Shepard would allegedly announce loudly that Brier was a snitch and a child molester. He believes she did this to encourage inmates to attack Brier with urine and feces.

He filed grievances against Case Manager Shepard, but her behavior allegedly did not change. Brier reports that he endured harassment from inmates because of Case Manager Shepard's announcements. In February 2025, she allegedly increased her efforts to have Brier harmed. Brier alleges that she told other inmates that she would:

> literally suck your dick if you can get this piece of shit through the door if you throw shit on him I'll do it that's my word I'm not the police I'm a real bitch and I keep my word[.]

(*Id.* at 3.) He also allegedly heard her whisper to an inmate "just be ready I'll let CO Clemens know the plan he hates that fucking rat too." (*Id.*) Then, on shower day, Correctional Officer Michael Clemens allegedly stopped Brier in front of the last cell when the cuff port, which was left unlocked, popped open. He then yelled, "Get that bitch" while an inmate squirted feces and urine in Brier's face. (*Id.* at 4.) Brier

2

confronted him about this, and Clemens allegedly responded with "that's right you fucking rat you fucking put me in a lawsuit your fucking with my livelihood this is WCU we stick together I got Shepards back." (*Id.*) Twice more, Brier was stopped at the cell of an inmate whose cuff port was left unlocked and assaulted with bodily fluids.

Case Manager Shepard allegedly said, "I owe this man a shot of head and he will get it when he gets to population I pay my fucking debts just ask Clemens he'll tell you it's the best head he ever had." (*Id.*) She allegedly kept telling Brier he should not have filed that grievance, and he should not have sued. She also allegedly told Brier he is "going to fucking die back here you little bitch." (*Id.* at 4-5.)

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Id.* The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834. On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough." *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

"To prevail on his First Amendment retaliation claim, [Brier] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted).

"[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Here, Brier's allegations approach this standard. If true, they are shocking. The court, however, cannot judge credibility when screening a complaint. Because Brier's allegations must be accepted as true, and because they are not impossible, he will be permitted to proceed on claims pursuant to both the First and Eighth Amendment.

Finally, Brier filed a motion asking for a preliminary injunction ordering that he be transferred to another building, but his complaint does not seek injunctive relief. (DE # 1 at 6.) Because his request falls outside the scope of the complaint, it cannot be granted. However, even if the complaint had asked for injunctive relief, the motion would not be granted here. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

4

that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.* Brier has not made a clear showing that he is likely to succeed on the merits of his claims. Therefore, even if his complaint had contained a request for injunctive relief, his motion would be denied.

For these reasons, the court:

(1) **DENIES** Jacob C. Brier's motion seeking a preliminary injunction and temporary restraining order (DE # 4);

(2) **GRANTS** Jacob C. Brier leave to proceed against Case Manager Kathleen Shepard and Correctional Officer Michael Clemens in their individual capacities for compensatory and punitive damages for retaliating against him for filing grievances or lawsuits against them by labeling Brier as a snitch, child molester, or sex offender and

5

encouraging inmates to attack him with bodily fluids, in violation of the First Amendment;

(3) **GRANTS** Jacob C. Brier leave to proceed against Case Manager Kathleen Shepard and Correctional Officer Michael Clemens in their individual capacities for compensatory and punitive damages for cruel and unusual punishment by arranging for Brier to be attacked with bodily waste by inmates, in violation of the Eighth Amendment;

(4) **DISMISSES** all other claims;

(5) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Case Manager Kathleen Shepard and Correctional Officer Michael Clemens at the Indiana Department of Correction, with a copy of this order and the complaint (DE # 1);

(6) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Case Manager Kathleen Shepard and Correctional Officer Michael Clemens to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff

has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: June 6, 2025

<u>s/James T. Moody</u>
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT